IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARCIE ISAACSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-10-678-M |
| JOE B. ISAACSON, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant's Motion for Summary Judgment with Brief, filed November 10, 2010. Plaintiff's response was filed November 22, 2010. Defendant's reply was filed on December 6, 2010. Also before the Court is Plaintiff's First Amended Motion for Partial Summary Judgment and Brief in Support, filed December 6, 2010. Defendant's Response and Brief in Response to Plaintiff's First Amended Motion for Partial Summary Judgment and Brief in Support was filed December 22, 2010. Plaintiff's Reply to Defendant's Response to Plaintiff's First Amended Motion for Partial Summary Judgment was filed December 31, 2010. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

In her Amended Complaint, plaintiff alleges violations of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 et seq. ("Title III") and the Oklahoma Security of Communications Act, 13 O.S. §§ 176.1 et seq. Plaintiff claims on or about March 31, 2010, she became aware defendant had tape recorded telephone conversations she had with their minor children without her knowledge or consent or the consent of the minor children. Plaintiff claims to have suffered actual damages including but not limited to the invasion of her privacy and

relationship with her children, increased litigation expenses, as well as mental and emotional pain, suffering and distress.

The parties are divorced parents of twin boys age five years old. The parties, having been granted joint custody of their minor children by the Oklahoma County divorce court, agreed to the terms and provisions of a joint child custody plan which gave them both equal rights and responsibilities to the minor children with neither party's rights being superior on July 30, 2008. In January of 2009, defendant contends he began noticing changes in the behavior of plaintiff and the boys. Defendant contends he became deeply concerned about his children and their welfare while with their mother. Defendant contends the boys would cry when talking to plaintiff on the telephone while at his home. Defendant also contends the boys' unusual behavior included them pulling away from him, making hostile comments and repeating threats made by plaintiff. Defendant contends he became fearful that plaintiff was relapsing into to her previous addictions to alcohol and drugs which had previously resulted in her need of treatment at the Vista Taos Rehabilitation Facility.

On January 27, 2009, plaintiff admits texting defendant that "your kids cannot stand you." On February 1, 2009, plaintiff admits texting defendant that the "kids are true judges", and that she was taking his rights away. In a text message sent by plaintiff on February 4, 2009, plaintiff informed defendant she thought she could get more money and time with the children and prove he was not a proper parent and that the kids did not like to come to his house. In that message plaintiff directed defendant to "get your attorney". Defendant asserts plaintiff's numerous hateful and derogatory text messages and the boys unusual behavior were objectively reasonable basis for his believing plaintiff was harming their sons. Defendant contends after consultation he blocked

2

plaintiff's telephone numbers and subscribed to home telephone service through COX Communications, a regular provider of electronic and wire communication. Defendant contends the telephone receiver at his home was installed by COX in the regular course of business. Defendant asserts he informed plaintiff of his new home telephone number so she could call the boys when with him.

Defendant contends he began taping conversations between plaintiff and his sons in February, 2009. Defendant contends during one taped conversation with plaintiff, his son turned to him and said his Mom said to give his son the phone right now and charge it or kiss your pictures goodbye. Defendant contends his son's referencing pictures of sentimental value he had received from his mother in that manner was intolerable. During another telephone conversation defendant contends plaintiff told their son to tell his dad "we're sick of this", "we don't want to be with you", "we want to go home with Mom". Defendant contends in the same conversation plaintiff directed her son to deny she told him to make these and other comments. Defendant contends the recordings ended in July of 2009.

On February 16, 2010, defendant filed in the District Court of Oklahoma County a motion to terminate the joint custody plan and for an award of sole custody. In support of his motion defendant sought to introduce taped telephone conversations between plaintiff and the boys. On October 26, 2010, the district court judge sustained plaintiff's motion to suppress the introduction of any and all tape recordings between a party and the children during the hearing on defendant's motion. The state court found both the Wiretapping Act of the State of Oklahoma and the Federal Wiretapping Act applied in the divorce action and that there had been an intercepted communication in violation of both Acts. The state court did not find that any exception to either act should apply

in the divorce case. The trial on defendant's motion to terminate the joint custody plan is pending.

Plaintiff contends in response to defendant's motion for summary judgment that she is entitled to judgment as to defendant's claims of consent, vicarious consent and the extension phone exception by reason of the doctrine of res judicata or estoppel by judgment. Specifically, plaintiff contends these issues were previously raised in state court and the state trial court's rejections of defendant's arguments on said claims bars defendant from now raising these claims as bases for summary judgment and as affirmative defenses in this case. Plaintiff also contends defendant's actions were not motivated by concern for the children. In her response, plaintiff admits sending the referenced text messages and making the above recorded statements to her minor sons but denies she was attempting to brainwash them against defendant. In deposition testimony submitted in support of defendant's motion, plaintiff admits to receiving treatment at Vista Taos, New Mexico for Xanax and that she has attended Alcoholics Anonymous meetings since she was 16 years old. Plaintiff also admits to currently taking "non narcotic" pain medication and occasionally drinking alcohol. In her response plaintiff references attaching "assessments" showing her not to be alcohol or drug dependent but no such assessments are before the Court.

Plaintiff now seeks damages against defendant pursuant to Title III, costs and a reasonable attorneys' fee.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines

the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

Federal Rule of Civil Procedure 56(e)(2) provides:

> **Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavit or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

### III. DISCUSSION

The Oklahoma Security of Communications Act ("SCA"), 13 O.S. § 176.1 makes it a felony for any person to willfully intercept or procure any other person to intercept any wire, oral or electronic communication unless specifically allowed under the Act. The SCA also provides that no portion of an illegally intercepted communication shall be used as evidence in any trial, hearing or other proceeding before any court, grand jury, department, officer, agency or regulatory body.

Title III of the federal Omnibus Crime Control and Safe Streets Act of 1986 makes it

unlawful for any person to:

> (a)   intentionally intercept[], endeavor[] to use, or procure[] any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication.

18 U.S.C. § 2511(1)(a).

Electronic, mechanical or other device is defined as:

(5) . . . any device or apparatus which can be used to intercept a wire, oral, or electronic communication other than –

> (a)   any telephone or telegraph instrument, equipment or facility, or any component thereof, (I) furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business;. . . .

18 U.S.C. § 2510(5)(a)(I).

Any person violating Title III of the Federal Wiretap Act is subject to civil liability which includes appropriate preliminary or declaratory relief, damages and a reasonable attorney's fee and costs. 18 U.S.C. § 2520(b).

### A.   The Consent Exemption

The consent exemption under Title III exempts from liability any conversation where one party consents to the conversation being recorded. The consent exception in Title III provides:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortuous act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d).

Defendant contends because his sons were minors and too young to grant consent that he, as their father, vicariously consented on their behalf to the taping of their telephone conversations with plaintiff. The theory of vicarious consent is essentially the recognition of the fact that a parent is legally obligated to protect a child from harm and to provide for their best interest. *Thompson v. Dulaney*, 838 F. Supp. 1535, 1544 (C.D. Utah 1993), *(citing Newcomb v. Ingle,* 944 F.2d 1534, 1536 (10th Cir. 1991). In *Thompson* the Court also held that a parent could only intercept such communications when a good faith basis existed to justify invoking the consent.

Upon review of the parties' submissions, the Court finds that defendant's belief that plaintiff was undermining his relationship with his children and causing them harm was objectively reasonable. The Court finds a good faith basis existed justifying the need to tape record the minors' telephone conversations with plaintiff.

Accordingly, the Court grants defendant's motion for summary judgment as to his consent and vicarious consent affirmative defenses.

B Extension Phone Exemption

In *Newcomb v. Ingle*, 944 F.2d 1534 (10th Cir. 1991), the Tenth Circuit held a parent's taping of telephone conversations of a minor child and ex-spouse was not a violation of Title III due to the extension telephone exemption. The extension phone exemption, derived from the restrictive definition of "electronic, mechanical or other device" set forth above, makes it clear that in order to be "intercepted" for purposes of Title III, an "electronic, mechanical, or other device" must be used. In order for the extension phone exemption to apply two essential elements must be identified: (1) the interception equipment must be furnished to the user by the phone company or connected to the phone line, and (2) it must be used in the ordinary course of business. *See Babb*

*v. Eagleton*, 616 F. Supp. 2d 1195, 1204 (N.D. Okla. 2007) (*citing United States v. Harpel,* 493 F.2d 346, 350 (10th Cir. 1974)).

Here, defendant contends Title III's extension phone exemption exception releases him of any liability and as a matter of law summary judgment should be granted. Specifically, defendant contends the taping of his minor sons' telephone conversations in his home utilizing equipment provided in the ordinary course of business by his telephone service provider meets Title III's extension phone exemption exception. In support of this allegation plaintiff has submitted his affidavit. Plaintiff contends defendant has failed to prove there was a phone extension line in his home or that the telephone receiver was installed by his phone company.[1]

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has failed to set forth evidence sufficient to create a genuine issue of material fact as to whether the intercepting telephone equipment used to tape the minor sons' telephone conversations with plaintiff was furnished to defendant in his home by his phone company in the ordinary course of business.

Accordingly, the Court grants defendant's motion for summary judgment as to defendant's extension phone exemption defense.

C. Doctrine of Res Judicata

Under the doctrine of res judicata, a claim is barred only after a final judgment on the merits of an action is actually decided. *Wilson v. Kane,* 852 P.2d 717, 722 (Okl.1993).

In response to defendant's motion for summary judgement plaintiff contends she is entitled

---

[1] Plaintiff disputes defendant's allegations as to the use of a telephone extension and installation of the receiver by his phone company. Plaintiff does not submit affidavits or otherwise support this allegation.

to partial summary judgment as to defendant's defenses of consent, vicarious consent and extension phone exemption. Specifically, plaintiff contends the issues of consent, vicarious consent and extension phone exemption were resolved by the state court's sustaining of her motion to suppress the introduction of the taped conversations into evidence in the divorce proceeding. Plaintiff contends defendant having unsuccessfully argued consent, vicarious consent and telephone extension exemption during the suppression hearing in the parties' divorce case bars defendant from now raising these claims as affirmative defenses in this action.

As previously noted, defendant filed in the parties' divorce proceeding before the District Court of Oklahoma County a motion to terminate the joint custody plan and for an award of sole custody of the minor children. In support of his motion defendant sought to introduce taped telephone conversations between plaintiff and the boys. On October 26, 2010, the district court judge sustained plaintiff's motion to suppress any and all tape recordings between a party and their minor children. The trial on defendant's motion to terminate the joint custody plan is currently pending. Final judgment has not been rendered by the state divorce court. The Court, therefore, finds the order issued by the state court is not res judicata of the issues of consent, vicarious consent and extension phone exemption and defendant is not barred from raising them as affirmative defenses in this action.

Accordingly, the Court denies plaintiff's motion for partial summary judgment.

IV. CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 14] in its entirety and DENIES plaintiff's First Amended Motion for Partial Summary Judgment [docket no. 31].

9

**IT IS SO ORDERED this 6th day of April, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE