# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCIE ISAACSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-678-M |
| | ) | |
| JOE B. ISAACSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Rule 11 Sanctions, filed June 3, 2011. On June 22, 2011, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

Defendant moves this Court, pursuant to Federal Rule of Civil Procedure 11, to order appropriate sanctions against plaintiff. Specifically, defendant asserts plaintiff failed to correctly file her motion for new trial.[1]

Rule 11(c) provides, in pertinent part:

> **Sanctions.**
> *(1) In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. P. 11(c)(1).

Defendant contends plaintiff's motion for new trial was improper: (1) because no trial was conducted in this case from which a motion for new trial could be argued; (2) because summary

---

[1] Plaintiff's motion for new trial was denied by the Court on July 28, 2011.

1

judgment is not a substitute for trial; and (3) the purpose of summary judgment is to eliminate trials in which no issues of fact exist. Defendant also contends that upon making this argument in his response to plaintiff's motion for new trial, plaintiff failed to change the bases for her motion for new trial. Defendant contends plaintiff's request for new trial under both Rule 59(e) and Rule 60(e) caused unnecessary delay and needlessly increased the cost of litigation by creating an issue of possible reconsideration under Rule 60(b)(3). Finally, defendant contends plaintiff's motion for new trial was based on facts that either were raised or could have been raised in plaintiff's response to defendant's motion for summary judgment and, thus, were waived under Rule 56(f).

Plaintiff contends defendant's motion for sanctions is but a frivolous attempt to distract the Court from reviewing its Order granting defendant's motion for summary judgment. Plaintiff contends she is entitled to post judgment relief under provisions of both Rule 59 and Rule 60 and thus should not be sanctioned. Plaintiff also continues to make the argument that she is entitled to post judgment relief because defendant made false and misleading representations to the Court in his motion for summary judgment that resulted in the Court granting defendant's motion. Specifically, plaintiff contends defendant misled the Court as to the installation of his home telephone and the bases for his tape recording telephone conversations between his minor children and plaintiff. Plaintiff alternatively requests the Court reconsider the judgment entered in favor of defendant.

Rule 59(a) provides:

> **New Trial; Altering or Amending a Judgment**
>
> **(a)** **In General.**
> **Grounds for New Trial.** The court may, on motion, grant a new trial on all or some of the issues-and to any party-as follows:

> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> * * *
>
> **(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(a), (e).

Rule 60 (b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff did not violate Rule 11 by predicating her motion for new trial upon Federal Rules of Civil Procedure 59

and 60. The Court also finds plaintiff's submissions relative to the bases for her motion for new trial filed in this matter though not persuasive were not submitted unnecessarily or caused a needless increase of litigation costs.

Accordingly, the Court DENIES Defendant's Motion for Rule 11 Sanctions [docket no. 63].

**IT IS SO ORDERED this 25th day of August, 2011.**

*[signature: Vicki Miles LaGrange]*

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE