## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARCIE ISAACSON,                       )
                                       )
                 Plaintiff,            )
                                       )
vs.                                    )          Case No. CIV-10-678-M
                                       )
JOE B. ISAACSON,                       )
                                       )
                 Defendant.            )

## ORDER

Before the Court is Defendant's Motion for Attorneys' Fees, Costs and Expenses, filed April 20, 2011. On May 19, 2011, plaintiff's brief in opposition to defendant's motion was filed. Defendant's reply was filed May 31, 2011. [1]

This case arises out of a divorce action between the parties filed in Oklahoma County District Court. Plaintiff filed this action alleging from February, 2009 to July, 2009, defendant conducted a wiretap of conversations between plaintiff and the parties' minor children. Initially plaintiff's complaint alleged violation of the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. § 2220 et seq. Plaintiff later amended her complaint, alleging violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510-2411. On April 6, 2011, the Court granted defendant's motion for summary judgment.

In his motion for attorneys' fees, costs and expenses , defendant contends an award should be made pursuant to 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides:

**Counsel's liability for excessive costs**

---

[1] As defendant's reply was filed out of time without leave of Court, it was not considered.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the expenses, and attorneys' fees reasonably incurred because of such conduct.

Defendant contends plaintiff's counsel has acted in bad faith or in willful disobedience of the court rules thus permitting the Court to award a reasonable attorneys' fee in this case. Specifically, defendant contends plaintiff submitted discovery responses untimely, failed to properly respond to defendant's motion for summary judgment, incorrectly attempted to amend pleadings, filed witness lists out of time without leave of court and gave untimely notice to take defendant's deposition.

Plaintiff's counsel, while admitting to several errors, contends none of the errors pointed out by defendant required any action on defendant's part or were done in bad faith. Plaintiff also contends defendant fails to allege that plaintiff's counsel has acted vexatiously, wantonly or for oppressive reasons but rather seeks attorney's fees for defendant's repeated violation of the rules of procedure. Plaintiff further contends defendant's request for fees should be denied because defendant failed to set out any particular fees or costs he alleges were caused by plaintiff's counsel's behavior but rather submits a $76,680.50 itemized statement for all services rendered in this matter. Plaintiff contends once being put on notice of the error, she sought to amend, and with court approval, amended her complaint. Plaintiff also contends she was justified in filing the complaint in this case because defendant unlawfully recorded the telephone conversations between plaintiff and the parties' minor children. Plaintiff's counsel also denies having engaged in vexatious conduct or having taken frivolous positions, engaged in dilatory tactics, or acted recklessly or cavalier in the representation of his client.

In determining whether attorney's fees should be awarded under § 1927 the actions of the attorney must be found to (1) multiply the proceedings or (2) be vexatious and unreasonable.

*Dreiling v. Peugeot Motors of America*, 769 F.2d 1159 (10th Cir. 1985).   In *Dominion Video Satellite, Inc v. Echostar Satellite L.L.C.,* 430 F.3d 1269 (10th Cir. 2005), attorney's fees were awarded where an attorney's actions were found to be reckless or indifferent to the law, misleading or intentionally without plausible basis or unwarranted.

Having reviewed the submissions of the parties, the Court finds that defendant has not sufficiently demonstrated the entitlement to attorney fees, additional costs or expenses in this case.[2] Specifically, the Court finds that the filing of the instant case was not unwarranted.  Even though several issues presented in the instant case were also addressed in the parties' state court divorce action, no final decision on such claims had been made prior to the filing of this case.  Additionally, while not wanting to ignore plaintiff's counsel's numerous violations of both the federal rules and local rules, the Court does not find counsel's actions vexatious, frivolous, unreasonable, dilatory, reckless or unwarranted.  The Court does however admonish plaintiff's counsel as to the importance of the Federal Rules of Civil Procedure as well as local rules of this Court in that they have the force of law and must be followed.

Accordingly, the Court DENIES Defendant's Motion for Attorneys' Fees, Costs and Expenses [docket no. 54].

**IT IS SO ORDERED this 1st day of September, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]On July 7, 2011, defendant's request to tax costs against plaintiff in the amount $2,281.73 was granted by the Clerk of Court.